Filed 3/21/25  P. v. Bui CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br><br>RYAN BRIAN BUI,<br><br>    Defendant and Appellant. | A168734<br><br><br>(San Mateo County Super. Ct. No. SC061477A) |

Ryan Brian Bui appeals from a resentencing order entered pursuant to Penal Code section 1172.75.[1]  He does not challenge the trial court's ruling insofar as it struck now invalid one-year prior prison term enhancements (§ 667.5, former subd. (b)).  He argues only that the trial court abused its discretion by denying his invitation to dismiss five prior strike convictions, pursuant to section 1385 and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).  We affirm.

### BACKGROUND

### A.

Before January 1, 2020, section 667.5, former subdivision (b), required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a prior prison term and not remained free of custody

---

[1] All undesignated statutory references are to the Penal Code.

for at least five years.  (§ 667.5, former subd. (b), as amended by Stats. 2018, ch. 423, § 65; *People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380 (*Burgess*).)  Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) amended section 667.5 by limiting the enhancement solely to prior prison terms served for sexually violent offenses.  (Stats. 2019, ch. 590, § 1; *Burgess,* at p. 380.)

As a result of later legislation, section 1172.75 now retroactively invalidates all other prior prison term enhancements—imposed under section 667.5, former subdivision (b), before January 1, 2020 (§ 1172.75, subd. (a))—and provides a mechanism for courts to resentence defendants serving terms which include such enhancements.  (§ 1172.75, subds. (b)-(d); *People v. Carter* (2023) 97 Cal.App.5th 960, 966; *Burgess, supra,* 86 Cal.App.5th at p. 380.)

Specifically, section 1172.75 "directs the Secretary of the Department of Corrections and Rehabilitation . . . to 'identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) and . . . provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement.' (§ 1172.75, subd. (b).)"  (*Burgess, supra,* 86 Cal.App.5th at p. 380.)  The statute then directs the trial court to review the judgment, verify that it includes such an enhancement, "and if so, 'recall the sentence and resentence the defendant.'  (§ 1172.75, subd. (c).)"  (*Burgess*, at p. 380.)  "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements."  (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402.)

## B.

The following facts are taken from this court's unpublished opinion in *People v. Bui* (Oct. 7, 2009, A119404) (*Bui I*).  On March 10, 2004, multiple homes in Foster City were burglarized.

2

One homeowner heard his doorbell ring but did not answer because he did not recognize the Range Rover parked in front of his house.  Ten or 15 minutes later, he heard his gate open and discovered two men at his sliding glass door.  Both men fled when the homeowner started yelling.  The homeowner called police, described the Range Rover, and gave police a partial license plate number.  When a Foster City Police Department officer attempted to pull over the Range Rover two minutes later, the two men in the vehicle led the police on a high speed chase down an alley, followed by a foot pursuit.  Bui was eventually taken into custody.  During the foot chase, Bui dropped his interim driver's license and a list of names, addresses, and telephone numbers on the ground.  Two of the Foster City homes previously burglarized were on the list; one of the addresses was struck through.  (*Bui I, supra,* A119404.)

Bui was convicted of two counts of first degree (residential) burglary (§ 460, subd. (a); counts one and three), one count of attempted residential burglary (§§ 460, subd. (a), 664; count two), and one count of receiving stolen property (§ 496, subd. (a); count four).  Bui admitted that he was on parole at the time of the charged offenses (§ 1203.085, subd. (a)) and that he had suffered six prior strike convictions—all six for first degree burglary (§§ 460, subd. (a), 667, subd. (d)(1), 1170.12, subd. (c)(2), 1192.7, subd. (c)(18)).  He also admitted having suffered one prior felony conviction for which he served a prior prison term (§ 667.5, former subd. (b)), and two prior serious felony convictions within the meaning of section 667, subdivision (a).  (*Bui I, supra,* A119404.)

At Bui's original sentencing (in 2007), the trial court granted the defense's *Romero* request *in part* and sentenced him as a third striker with respect to only count one.  For the remainder of the counts, Bui was sentenced "as if he had two strikes."  Accordingly, the trial court imposed an indeterminate

term of 25 years to life for the first count of burglary under the Three Strikes law and a consecutive determinate term of 21 years and eight months on the remaining counts and enhancements.[2] (*Bui I, supra,* A119404.)  This court affirmed the judgment (*People v. Bui* (2010) 183 Cal.App.4th 675, 679, 689, review denied June 30, 2010, S182703).

In 2022, after receiving notice from the Department of Corrections and Rehabilitation that Bui might qualify for relief under section 1172.75, the trial court appointed counsel to represent him.  Defense counsel filed a sentencing memo, which argued he was entitled to recall of sentence and a full resentencing, pursuant to section 1172.75.  Bui asked the court to strike his now invalid prior prison term enhancement (§ 667.5, former subd. (b)) and, additionally, invited the court to dismiss the two five-year enhancements (§ 667, subd. (a)), pursuant to section 1385, subdivision (c), along with five of his six strike priors, pursuant to section 1385, subdivision (a), and *Romero, supra,* 13 Cal.4th 497.  Bui argued that he should be sentenced to a determinate term of 22 years or less.

Bui supported this argument with (among other things) declarations from his mother and two sisters, which described Bui's traumatic childhood.  Bui's prison records showed that he had been placed in the lowest possible security assignment that

---

[2] Bui was originally sentenced before the Three Strikes Reform Act of 2012 (§ 1170.12; Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)) (Reform Act).  "Under the 'Three Strikes' law as originally enacted in 1994, an individual convicted of any felony offense following two prior convictions for serious or violent felonies was subject to an indeterminate term of life imprisonment with a minimum term of no less than 25 years." (*People v. Conley* (2016) 63 Cal.4th 646, 651 (*Conley*).)  "The Reform Act changed the sentence prescribed for a third strike defendant whose current offense is *not* a serious or violent felony." (*Id.* at p. 652, italics added.)

can be obtained by a life prisoner and had suffered no rule violations in the preceding five years. He had also completed rehabilitative programming, paid his restitution, and been assessed as a "low risk" to commit more burglaries.

The prosecutor conceded that Bui was entitled to have his one-year prior prison term enhancement (§ 667.5, former subd. (b)) stricken but argued that his sentence should not be further reduced because he had not established that he fell outside the spirit of the Three Strikes law. The People pointed out that Bui's problems with the law dated back to when he was a juvenile and that all six of his qualifying strike convictions were for the same crime (residential burglary).

The trial court recalled the sentence and resentenced Bui. Pursuant to section 1172.75, it struck the one-year enhancement originally imposed under section 667.5, former subdivision (b), and stayed the punishment imposed under section 667, subdivision (a). The court acknowledged that it had discretion to dismiss one or more of Bui's prior strikes and apparently struck five of them with respect to counts two through four. However, with respect to count one, based on its conclusion that the record failed to show Bui was outside the spirit of the Three Strikes law, the court declined to do so. The court imposed an aggregate sentence of 30 years and four months to life in prison, comprised of a 25 years-to-life indeterminate sentence on count one, plus a consecutive determinate sentence of four years (the low term doubled pursuant to § 1170.12, subd. (c)(1)) on count three and a consecutive term of one year and four months (one third the mid-term doubled) on count two. Punishment was stayed with respect to count four.

## DISCUSSION

Bui argues that the trial court abused its discretion because it relied on the wrong legal standard in declining to strike or dismiss five of his prior strike convictions, pursuant to

5

section 1385, subdivision (a), and *Romero, supra*, 13 Cal.4th 497. Bui fails to demonstrate that the trial court abused its discretion. (See *People v. Rogers* (2025) 108 Cal.App.5th 340, 354-355 (*Rogers*) [standard of review].)

## A.

Section 1172.75 requires a full resentencing for all defendants who qualify for a recall. (§ 1172.75, subds. (a)-(c); *Rogers, supra,* 108 Cal.App.5th at p. 361.) In conducting a full resentencing, trial courts have authority to exercise their discretion, under section 1385, subdivision (a), and *Romero*, to dismiss or strike a strike prior. (*Rogers,* at pp. 361-362.) "[T]he full resentencing rule allows a court to revisit *all* prior sentencing decisions when resentencing a defendant." (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425, italics added.) When a trial court conducts a recall and resentencing under section 1172.75, it does not reconsider the original sentencing judge's *Romero* order but makes a wholly new *Romero* determination. (*Rogers,* at p. 364.)

"Resentencing . . . shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing . . . shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).) "The court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2).) The court is further directed that it "*may* consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects

6

that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (*Id.*, subd. (d)(3), italics added.)

The Three Strikes initiative established sentencing requirements " 'to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court "conclud[es] that an exception to the scheme should be made because, for articulable reasons which can withstand scrutiny for abuse, this defendant should be treated as though he actually fell outside the Three Strikes scheme." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).)

A trial court has discretion to dismiss a prior strike conviction alleged under the Three Strikes law if the dismissal is in the furtherance of justice (§ 1385, subd. (a)), "subject . . . to strict compliance with the provisions of section 1385." (*Romero, supra*, 13 Cal.4th at p. 504.) "[T]he underlying purpose of striking prior conviction allegations is the avoidance of unjust sentences." (*People v. Garcia* (1999) 20 Cal.4th 490, 500.) In exercising this discretion, the trial court must consider "whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

These are "stringent standards." (*Carmony, supra,* 33 Cal.4th at p. 377.) The Three Strikes law establishes that not dismissing a prior strike conviction is the "norm," and there is a "strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*Id.* at p. 378.) A trial court does not abuse its discretion unless it was unaware of its discretion, it refused the invitation to strike for impermissible reasons, or "its decision is so irrational or arbitrary that no

7

reasonable person could agree with it." (*Id.* at p. 377; see *id.* at p. 378.)

## B.

Bui primarily insists that the trial court abused its discretion because, instead of "sentenc[ing] anew under present circumstances" (*Rogers, supra*, 108 Cal.App.5th at p. 361), the court refused to consider the factors specified in section 1172.75, subdivision (d)(3), and relied solely on *Romero* and its progeny. We disagree.

"The trial court is not required to state reasons for declining to exercise its discretion to strike a strike. We presume the trial court has considered all relevant factors in the absence of an affirmative record to the contrary. When the record is silent as to the trial court's reasons for declining to strike a prior strike, we presume the court correctly applied the law." (*People v. Edwards* (2022) 76 Cal.App.5th 523, 529.)

Here, the trial court explained its decision as follows: "I want to thank both attorneys for your excellent briefs . . . , and I want to especially thank [defense counsel] for all the material you have provided the Court. It is extensive, and it certainly paints the picture . . . of [Bui]'s life *up to this time* and what he's gone through, particularly in his childhood. *I have reviewed all of them*." (Italics added.)

The court continued, "[i]n this case [Bui]'s prior strikes include five residential burglaries in San Mateo County and one in San Francisco. He also had a significant juvenile history noted in the probation report. [¶] Most troubling . . . is that, when arrested, the police found what was characterized as a hit list of 37 residences, including the victimized residences. [¶] As pointed out in the prosecution's sentencing brief[,] from November 21, 1999[] up to [Bui]'s original sentencing in 2007, he was either on parole, a parolee at large, or serving a prison sentence. [¶] [The]

8

[d]efense has made much, and it certainly appears true, of [Bui]'s abuse and trauma as a child, and the Court has considered that very deeply. . . . [¶] . . . It really boils down to, however, [that] the Court has to follow the law. The Court has to [decide] whether or not the circumstances arise to say that [Bui] is [outside] the scheme and spirit of the three strikes law. [¶] So that's what the Court has been weighing and considering. [¶] And ultimately, *in looking at all of the circumstances of the crimes, of the defendant's background, of his childhood,* I just don't find that [Bui] -- again, I appreciate that [defense counsel] is talking about the legislature in passing . . . [section] 1172.75, but . . . [*Romero*] . . . is really the controlling law [with respect to the Three Strikes Law]. [¶] I've come to the conclusion, reluctantly, very reluctantly, that it would be an abuse of discretion and reversible error to find that [Bui] does not fall within the statutory spirit of the three strikes law or to strike the strikes. I just don't believe the Court can do that." (Italics added.)

We assume (without deciding) that Bui is correct that a resentencing court is required to consider if postconviction factors weigh in favor of exercising discretion to strike a prior strike. Nonetheless, the trial court's comments do not affirmatively reflect that it declined or refused to consider the postconviction information that Bui's counsel had supplied with the petition for resentencing. Far from it, the court acknowledged having considered all the information defense counsel provided, including information that brought the court current regarding Bui's circumstances to the present day. Thus, contrary to Bui's assertion, we cannot assume the trial court ignored or declined to apply section 1172.75, subdivision (d)(3). (See *People v. Edwards, supra,* 76 Cal.App.5th at p. 529.) We do not read the trial court's statements as Bui does.

Nor did the court otherwise abuse its discretion. It did not ignore Bui's background, the nature of his offenses, or any other

9

individualized factor.  (See *Romero, supra*, 13 Cal.4th at p. 531.)
Rather, the trial court was presented with ample information
regarding the nature and circumstances of Bui's convictions,
character, and prospects.  (See *People v. Williams, supra*, 17
Cal.4th at p. 161.)  It considered the length of Bui's aggregate
sentence and implicitly determined that the tragic circumstances
of Bui's childhood, his young age when he committed his prior
strikes, and the absence of violence in his record counseled in
favor of striking five of the six strikes with respect to counts two
through four.  (Cf. § 1172.75, subd. (d)(1) ["[r]esentencing
pursuant to this section shall not result in a longer sentence than
the one originally imposed"]; *People v. Terwilligar* (March 10,
2025, A170304) __ Cal.App.5th __, __ [2025 Cal.App.LEXIS 139,
at p. *25] [revised penalty provisions of the Reform Act do not
apply to § 1172.75 resentencing].)[3]  But the court decided that
this did not take Bui completely outside of the spirit of the Three
Strikes law.  After all, Bui's *six* prior strike convictions were all
for first-degree burglary, which is the same serious (but not
violent) offense that he stands convicted of in counts one and
three.

In contrast to *People v. Avila* (2020) 57 Cal.App.5th 1134,
1143-1145, Bui's multiple instant offenses were committed, with
significant planning and sophistication, less than five years after
he served a 10-year prison sentence and while he remained on
parole.  Thus, we cannot say that Bui is not the type of

[3] In *Terwilligar,* this Division "interpret[ed] the
Legislature's requirement to 'resentence' the defendant as not
requiring the court to resentence on a blank slate" and
"construe[d] the Legislature's directive in section 1172.75,
subdivision (d)(2) to 'apply any other changes in law that reduce
sentences or provide for judicial discretion so as to eliminate
disparity of sentences and to promote uniformity of sentencing' as
excluding section 1170.12 as amended by the Reform Act."
(*People v. Terwilligar, supra,* __ Cal.App.5th at p. __ [2025
Cal.App.LEXIS at p. *25].)

" 'revolving door' career criminal to whom the Three Strikes law is addressed." (*People v. Stone* (1999) 75 Cal.App.4th 707, 717.)

A different court may have reasonably disagreed with the trial court's balancing and focused more on Bui's adverse childhood experiences and his recent rehabilitation efforts. But that does not mean that the trial court applied the wrong legal standard or otherwise abused its discretion. (See *Carmony, supra,* 33 Cal.4th at p. 379 [appellate court erred in finding an abuse of discretion where it "simply disagreed with the [trial] court's weighing of the[] factors"].) And while the trial court declined to strike *all* of Bui's prior strike convictions, it *did* implicitly strike five of them with respect to counts two through four, along with every other sentencing enhancement. The record reflects that " 'the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law.' " (*Carmony,* at p. 378.) Bui has not shown an abuse of discretion.

**DISPOSITION**

The judgment is affirmed.

BURNS, J.

WE CONCUR:

SIMONS, ACTING P. J.
CHOU, J.

*People v. Bui (A168734)*